UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:24-cv-06269-WLH-AJR                                 Date: October 7, 2024
                                                                  Page 1 of 3

Title:    Latasha Brown v. De La Cruz, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On July 25, 2024, *pro se* Plaintiff Latasha Brown ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California Institution for Women ("CIW") in Corona, CA, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against Anissa De La Cruz, Warden of the Central California Women's Facility ("CCWF") in Chowchilla, CA, and California Governor Gavin Newsom. (Dkt. 1.) Plaintiff named both defendants in their official capacity and sought monetary damages as well as equitable relief. (Id. 3, 6.) Plaintiff alleged that her Eighth Amendment rights were violated, that the Defendants "improperly implemented SB 132," and that the Defendants were negligent. (Id. at 3, 5.) On July 30, 2024, the Court dismissed Plaintiff's Complaint based on failure to comply with Federal Rule of Procedure 8, Defendants' Eleventh Amendment immunity from suit in their official capacity, and Plaintiff's lack of standing to seek injunctive relief. (Dkt. 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     2:24-cv-06269-WLH-AJR                             Date: October 7, 2024
                                                                Page 2 of 3

Title:       Latasha Brown v. De La Cruz, et al.

---

On August 8, 2024, Plaintiff filed a First Amended Complaint ("FAC") naming the same defendants in their individual and official capacity. (Dkt. 5.) Plaintiff's FAC asserted claims for violations of Plaintiff's Eighth Amendment rights and alleged a similar factual background to her initial Complaint. (Id. at 4.) The FAC sought monetary and injunctive relief. (Id. at 5.)

On August 23, 2024, the Court dismissed Plaintiff's FAC with leave to amend based on Defendants' Eleventh Amendment immunity from suit for monetary damages in their official capacity and based on Plaintiff's lack of standing to pursue prospective or injunctive relief. (Dkt. 8.) The Court direct Plaintiff to file a Second Amended Complaint ("SAC"), if any, by September 23, 2024. (Id. at 4.)

Two weeks have passed since Plaintiff's deadline to file a SAC in response to the Court's Order. As of today, Plaintiff has neither filed an amended complaint nor requested an extension of time in which to do so. The action cannot move forward unless and until Plaintiff files an amended complaint. Plaintiff is ordered to file a SAC, if any, by **October 21, 2024** or show cause why the action should not be dismissed with prejudice for failure to prosecute. If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (2:24-cv-06269-WLH-AJR), be labeled "Second Amended Complaint," and be complete and of itself without reference in any manner to the original Complaint, the FAC, or any other documents (except any documents that Plaintiff chooses to attach to the SAC as exhibits). Plaintiff is encouraged to state her claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. <u>Should Plaintiff decide to file a SAC, she is encouraged to utilize the CV-66 form complaint attached to this Order</u>.

**Plaintiff is expressly advised that if she does not file a SAC by the Court's deadline or respond to this order, the Court will recommend that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.** If Plaintiff no longer wishes to pursue this action or certain claims or defendants, she may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>A form Notice of Dismissal is attached for</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-06269-WLH-AJR                         Date: October 7, 2024
                                                          Page 3 of 3

Title:      Latasha Brown v. De La Cruz, et al.

_____

Plaintiff's convenience.

     IT IS SO ORDERED.


Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
CV-66, United States District Court, Central District of California Civil Rights Complaint.